Defendant demurred: 1. That several causes of action were improperly united. 2. That there was a defect of parties plaintiff. 3. That plaintiff had not legal capacity to sue. 4. That the court had no jurisdiction—the summons being for relief and the complaint for a money demand. 5. That complaint does not correspond with summons. 6. That complaint is not verified. 7. That the court has no jurisdiction of the subject of the action or of the person of defendant. On March 31st, 1883, Judge Wallace overruled the demurrer and ordered defendant to answer by April 3d next, and that the cause be transferred to calendar No. 1, for trial at the present term. "Defendant excepted to the order, in every particular, and submits that the demurrer should have been sustained, the summons and complaint dismissed, and in no event should an answer have been required to be served within the time limited." *Held*, that the appeal might be dismissed for the want of proper exceptions; however, considering the questions involved, it is obvious that the grounds specified in the demurrer are patently untenable, and have no foundation whatever; and the order of the judge was not beyond the power conferred upon him by section 193 of the code. Opinion by Mr. Chief Justice Simpson, March 4th, 1884. *E. F. Stokes*, for appellant. No argument *contra*.

No. 1530. **Scarborough** *v.* **Spencer.** November Term, 1883. This was a controversy submitted without action, raising the question whether defendant was bound to perform his written agreement with plaintiff, as trustee, to purchase a certain tract of land. The land had been conveyed to the plaintiff and his heirs in trust to pay from the rents, &c., a debt to J. and certain mortgages, and then from the income, &c., to pay for the support and maintenance of the family of C. S. and the education of his children—"it being understood that, with the consent of the said C. S., in writing, the said trustee shall have power to sell all or any portion of those several premises to carry out the trusts above created; and, also, that the said trustee shall have the authority to sell any portion of said lands, to change the investment, or re-invest the proceeds of sale in other property, and to do any act in regard to the said property now conveyed, with the consent of the said C. S., that the said C. S. could do were the fee-

simple vested in him; and further in trust, after the death of the said C. S., all legal incumbrances on said lands being first satisfied, to divide said lands, or the proceeds of the sale of said lands, among the wife and children of the said C. S., or among the children in case the said C. S. should leave no wife, according to the statute of distributions of the State of South Carolina."

The trustee paid the debts, and, by written consent of C. S., contracted in writing to sell the land to defendant. In the written consent of C. S., given to the trustee to make the sale, the proceeds were ordered to be applied to certain debts and liabilities contracted by the said C. S., or for the support and maintenance of his family, and of expenses of management of the trust property, the balance to be divided between his wife and children. Defendant refused to comply, alleging that the purpose of the sale was to work a revocation of the trust deed, which the trustee could not do. The Circuit judge (Cothran) decreed specific performance of the contract, and on appeal this decree was affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 10th, 1884. *C. E. Spencer,* for appellant. *Haynsworth & Cooper,* contra.

No. 1531. **Tompkins** *v.* **Tompkins.** November Term, 1883. Plaintiff brought action for foreclosure of mortgage, making a junior judgment creditor a party defendant. This defendant answered, admitting the mortgage, but alleging that certain rents received from the mortgaged property, and from a policy of fire insurance, should be credited on the mortgage. On this defendant's motion, Judge Hudson referred the cause to a master to " take testimony and state the amounts due upon the mortgage debt and upon the judgment, and report the same to this court, all equities reserved." Plaintiff appealed from this order, upon the ground that the issues of law should have been decided by the court before a reference was ordered, and that it was error to refer the cause to a master to decide issues of law and fact. *Held,* that the order authorized a report on the facts of the case, including the facts connected with the alleged credits but not a decision of the legal questions involved, and that the order of reference was proper. OPINION by MR. CHIEF JUSTICE SIMPSON, March 10th, 1884. *Ernest Gary,* for appellant. *B. W. Bettis,* contra.